UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-60564-STRAUSS

**YOUNG'S TRUST,**
**Trustee for Green Bay Trust,**

    Plaintiff,
v.

**DEUTSCHE BANK TRUST**
**COMPANY AMERICAS,** *et al.***,**

    Defendants.
_____/

## ORDER DIRECTING CLERK TO RE-ASSIGN CASE TO DISTRICT JUDGE

THIS MATTER comes before the Court *sua sponte*. This matter was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. For the reasons more fully discussed in my Report and Recommendation (entered contemporaneously with this Order), I find that dismissal of this case is warranted. However, for the reasons discussed below, I do not presently have authority to issue a dispositive order. Therefore, I hereby **ORDER** the Clerk of Court to randomly re-assign this case to a United States District Judge, keeping the undersigned United States Magistrate Judge assigned to the case in accordance with Administrative Order 2025-11.

"Magistrate judges do not . . . exercise the authority of judges appointed under Article III of the United States Constitution; rather, magistrate judges draw their authority entirely from an exercise of Congressional power under Article I. . . . The jurisdiction and duties of federal magistrate judges are outlined principally in [28 U.S.C. § 636]." *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009) (quoting *Thomas v. Whitworth*, 136 F.3d 756, 758 (11th Cir. 1998)). The Court may designate a magistrate judge to hear and determine any pretrial matter, with a

1

handful of exceptions. *See* 28 U.S.C. § 636(b)(1). Those exceptions include a motion to involuntarily dismiss an action and other "dispositive" matters. 28 U.S.C. § 636(b)(1)(A); *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020) (describing exceptions listed in § 636(b)(1)(A) as "examples of motions that qualify as dispositive matters").

"Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1). "Consent is a 'critical limitation on this expanded jurisdiction.'" *PB Legacy, Inc. v. Am. Mariculture, Inc.*, 104 F. 4th 1258, 1263 (11th Cir. 2024) (quoting *Gomez v. United States*, 490 U.S. 858, 870 (1989)); *see also Prater v. Dep't of Corr.*, 76 F.4th 184, 190 (3d Cir. 2023) (Section 636 "places precise limits on a magistrate judge's jurisdiction absent parties' consent" in order "to protect the purpose of Article III and citizens' right to an independent, life-tenured decisionmaker[.]").

Given that § 636(b)(1)(A) prohibits a magistrate judge from hearing and determining a motion to involuntarily dismiss an action (absent consent), a magistrate judge may not involuntarily dismiss a case without the parties' having given consent for the magistrate judge to enter final orders. *See Prater*, 76 F.4th at 190. Thus, absent consent, a magistrate judge does "not have jurisdiction to decide the matter and dismiss [the] case for failure to prosecute." *Id.* at 198 (citing and quoting *Burton v. Schamp*, 25 F.4th 198, 206 (3d Cir. 2022)) (internal quotation marks omitted). Rather, given the limitations of § 636(b), absent consent, the magistrate judge is only permitted "to submit a recommended disposition to the district court." *Id.*; *see also Brown v. Peters*, 940 F.3d 932, 934 (7th Cir. 2019) ("If the magistrate judge concludes that the case must be dismissed . . . that is a disposition on the merits, and therefore, in the absence of valid consents, the judge is empowered to do no more than submit a report and recommendation to an Article III

judge for final resolution." (citing *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 475 (7th Cir. 2017))).

Importantly, "[u]nder § 636(c)(1), consent is required from named plaintiffs *and from defendants* who are 'directly affected by an order or a judgment issued by that magistrate judge,' *including yet-to-be-served parties* but excluding parties the plaintiff failed to timely serve." *Prater*, 76 F.4th at 198 (citing and quoting *Burton*, 25 F.4th at 209 & n.43) (emphasis added); *see also Marion HealthCare, LLC v. S. Ill. Hosp. Servs.*, 41 F.4th 787, 789 (7th Cir. 2022) ("[U]se of the § 636(c) procedure requires the consent of every named litigant, even one that has not been served with process."); *Branch v. Umphenour*, 936 F.3d 994, 1005 (9th Cir. 2019) ("Section 636(c)(1) . . . requires consent of all parties—not a subset of them—for jurisdiction to vest in the magistrate judge.  Thus, all defendants, even unserved defendants, must consent before a magistrate judge can issue dispositive orders, such as an order dismissing a claim. Without consent, a magistrate judge is limited to submitting a report and recommendation on dispositive pretrial motions, including motions to dismiss for failure to state a claim." (internal citations and quotation marks omitted)).

Here, not only have the parties not consented, but obtaining their consent presents obstacles.  As discussed in my contemporaneously entered Report and Recommendation, Plaintiff is a trust.[1]  Plaintiff is not acting through counsel; rather Plaintiff (or the entity claiming to be its trustee) has filed this case *pro se*.  However, "[a] trust, like a corporation, 'is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel.'" *J.J.*

---

[1] Depending on whether one looks at the allegations in the original Complaint or the Amended Complaint, "Plaintiff" is either "Young's Trust" acting as "the acting Trustee for Green Bay TR" ([DE 1] at ¶ 1), or "Green Bay TR" (with "Young's Trust" signing on behalf of Green Bay TR) ([DE 6]).  Either way, "Plaintiff" is a trust acting on behalf of another trust or acting through another trust.

3

*Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1235 (11th Cir. 2020) (quoting *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)).  Therefore, Plaintiff does not have authority to act in this case through anyone other than counsel.  Consequently, it is unclear whether Plaintiff can even provide the consent to magistrate judge jurisdiction necessary for the undersigned to enter final orders on dispositive matters without acting through counsel.  As further explained in my Report and Recommendation, despite my order directing Plaintiff to obtain counsel, no counsel has appeared.  Not only does that failure create grounds for dismissal (as further described in my Report and Recommendation), it also raises the question of when (if ever) Plaintiff would be in a position to provide or withhold consent to magistrate judge jurisdiction.

As to Defendants, although their consent is required for the undersigned to enter orders on dispositive matters, they have not yet appeared.   And given Plaintiff's failure to obtain counsel, despite my order to do so, dismissal is warranted now rather than waiting for Defendants to appear.

Consequently, because I find that dismissal is warranted now, and because I do not have jurisdiction to enter a dispositive order or final judgment, I am issuing a Report and Recommendation, and I direct the Clerk of Court to reassign this case to a United States District Judge.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 15th day of April 2025.

Jared M. Strauss
United States Magistrate Judge